Don J. Mizerk, Esq. (SBN: 208477)
HUSCH BLACKWELL LLP
621 Capitol Mall, Suite 1550
Sacramento, CA 95814
Tel: (916) 414-2611
Fax: (916) 414-2612
don.mizerk@huschblackwell.com

Attorney for Plaintiff
*MGI DIGITAL TECHNOLOGY S.A.*

# UNITED STATE DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGI DIGITAL TECHNOLOGY S.A., | Case No. 8:22-cv-00979 |
| Plaintiff(s) | **COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| DUPLO U.S.A. CORPORATION, | |
| Defendant(s). | |

Plaintiff MGI Digital Technology S.A. ("MGI"), by and through its attorneys, for its Complaint against defendant Duplo U.S.A. Corporation. ("**Defendant**" or "Duplo"), alleges as follows:

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

## PARTIES

2. MGI is a company organized and existing under the laws of France and having its principal place of business in Fresnes, France.

3. MGI is a manufacturer of digital printing and finishing presses with over 40 years of innovation experience in the graphics industry. MGI distributes its digital printing and finishing presses throughout the world either directly or through one or more subsidiaries, including within the United States.

4. Defendant Duplo is a corporation that is incorporated in California with a principal place of business in 3050 South Daimler Street Santa Ana, CA 92705.

5. Defendant is the US, Canadian and Latin American, distributor of various graphical arts printing and finishing products for its Japanese parent company. Among these products are various print embellishment machines used to produce printed materials that have textured and tactile enhancements applied through spot coating and curing of ultraviolet curable ink.

## JURISDICTION

6. This court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Personal jurisdiction over Defendant is proper in this District because Defendant is a California corporation with its principal place of business in this judicial district and it has availed itself of the rights and benefits of the laws of California. Defendant Duplo is subject to general and specific personal jurisdiction in this judicial district.

## VENUE

8. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b).

## FACTS

### The Asserted Patents

9. U.S. Patent No. 8,506,031 ("**the '031 Patent**") entitled "Ink Jet Printer And Method For Depositing A Protective Layer On A Substrate" was duly and legally issued on August 13, 2013. Attached as Exhibit 1 is a true and correct copy of the '031 Patent, which is incorporated herein by reference.

10. U.S. Patent No. 8,783,806 ("**the '806 Patent**") entitled "Ink Jet Printer And Method For Depositing A Protective Layer On A Substrate" was duly and legally issued on July 22, 2014. Attached as Exhibit 2 is a true and correct copy of the '806 Patent, which is incorporated herein by reference.

11. U.S. Patent No. RE45,067 ("**the '067 Patent**") entitled "Numerical Jet Machine For The Application Of A Coating Onto A Substrate" was duly and legally

issued on August 12, 2014. Attached as Exhibit 3 is a true and correct copy of the '067 Patent, which is incorporated herein by reference.

12. U.S. Patent No. 9,422,449 ("**the '449 Patent**") entitled "Varnish Composition Transferrable by Inkjet Suitable for Sublimable or Thermal Transfer Ink" was duly and legally issued on August 23, 2016. Attached as Exhibit 4 is a true and correct copy of the '449 Patent, which is incorporated herein by reference.

13. MGI is the assignee of the entire right, title, and interest in the '031 Patent, the '806 Patent, the '449 Patent, and the '067 Patent (collectively the "**Asserted Patents**").

## Defendant's Infringing Activities and Products

14. Defendant has and continues to directly infringe the Asserted Patents by selling and offering for sale the DDC-810 Digital Spot UV Coater ("**the DDC-810**") and the DDC-8000 Digital Spot UV Coater ("**the DDC-8000**") and UV curable varnish ink for use therewith in the United States and importing into the United States the DDC-810 and the DDC-8000 and UV curable varnish ink for use therewith that embody or use the inventions claimed in the Asserted Patents.

15. The DDC-810 is an apparatus as covered by at least claims 9–17 and 27–36 of the '806 Patent, claims 12–25 of the '031 Patent, and claims 1–34 of the '067 Patent that deposits Ultra Violet ("UV") curable varnish ink onto a substrate in various sized and shaped droplets at the direction of a computer controller based on a thickness of the supplied UV curable varnish ink. The DDC-810 further deposits the UV curable varnish ink in a manner consistent with at least claims 1–8 and 18–26 of the '806 Patent and claims 1–11 of the '031 Patent.

16. Furthermore, as covered by claims 9–17 and 27–36 of the '806 Patent, the DDC–810 includes a nozzle arrangement with a heater that heats the UV curable varnish ink, a reservoir that can hold a product having a viscosity between 100 and 1000 centipoises, a device that grasps and transfers the substrate onto which the UV curable varnish ink is deposited, and nozzles arranged in a ramp configuration.

HUSCH BLACKWELL LLP
621 CAPITOL MALL
SUITE 1550
SACRAMENTO, CA 95814
916.414.2611

17. Further still, a reasonable opportunity for further investigation and discovery is likely to provide evidentiary support that the DDC-810 is designed to be used with various types of UV curable varnish ink including those covered by at least claim 1 of the '449 Patent that (1) include a hardenable oligomer that comprises epoxy resin, alone or in combination with another oligomer selected from among polyesters and/or hexafunctional aliphatic urethane acrylates and/or (2) have a weight ratio between a total of hardenable oligomer and a total of hardenable monomer that is higher than 1:6 and lower than 1:2 while the hardenable oligomer has a viscosity greater than 1 Pa·s at 23° C.

18. Moreover, a reasonable opportunity for further investigation and discovery is likely to provide evidentiary support that the DDC-8000 operates in the same manner as the DDC-810 except in that the DDC-8000 is a larger format machine capable of printing on larger format substrates than the DDC-810.

19. On or about March 17, 2017, MGI gave Defendant Duplo notice of the Asserted Patents, and Defendant Duplo has known of those Asserted Patents and its infringement thereof since at least that date.

20. MGI instituted a patent infringement lawsuit in France against Duplo in 2017, claiming that the DDC-810 infringed MGI European patents that claim priority to the same original filings as various Asserted Patents in this case. The French trial courts found that the DDC-810 infringed various of MGI's European patents that include claims similar to the claims of various Asserted Patents. *See Digital Technology S.A. v. Duplo France S.A.R.L.*, Tribunal Judiciaire [TJ] [court of original jurisdiction] Paris, Section 3, Chambre 3, Mar. 12, 2021, RG17/09735 Portalis No. 352J-W-B7B-CK4SQ.

21. Defendant's acts of infringement have been willful and in disregard for the Asserted Patents, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

22. Defendant has been and is inducing infringement of the '031 Patent and

the '806 Patent by actively and knowingly inducing others to make, use, sell, offer for sale, or import the DDC-810 and the DDC-8000 that embody or use the inventions claimed in the '031 Patent and the '806 Patent. Specifically, Defendant's advertisement and promotion of its DDC-810 and the DDC-8000 products, including its demonstration of such products at trade shows and other instructions to users in the operation of its product, have specifically encouraged, aided, and abetted infringement of the Asserted Patents.

23. Defendant has been and is continuing to contributorily infringe the '031 Patent and the '806 Patent by selling or offering to sell the DDC-810 and the DDC-8000, knowing them to be especially made or especially adapted for practicing the invention of the '031 Patent and the '806 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use. Specifically, normal use of Defendant's DDC-810 and the DDC-8000 products necessarily and inherently infringe the '031 Patent and the '806 Patent, and the products have no substantial non-infringing use.

24. Defendant's acts of infringement have been and are causing injury and both damages, and irreparable harm to MGI, and will continue unless enjoined.

**COUNT ONE (Direct Infringement of the '806 Patent)**

25. MGI repeats and realleges paragraphs 1 through 24 hereof, as if fully set forth herein.

26. Defendant has been and is infringing one or more claims of the '806 Patent, including at least claims 9–17 and 27–36 by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, UV spot coating printers, including those sold under the names DDC-810 and DDC-8000, in violation of 35 U.S.C. § 271(a).

27. Defendant has been and is infringing the '806 Patent by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, Digital Spot UV Coater products, including

those sold under the names DDC-810 and DDC-8000.

28. Defendant's direct infringement has been, and continues to be knowing, intentional, and willful.

29. Defendant's acts of direct infringement of the '806 Patent have caused and will continue to cause MGI damages for which MGI is entitled to compensation pursuant to 35 U.S.C. § 284.

30. Defendant's acts of direct infringement of the '806 Patent have caused and will continue to cause MGI immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. MGI has no adequate remedy at law.

31. This case is exceptional and, therefore, MGI is entitled to an award of attorney fees pursuant to 35 U.S.C. § 285.

### COUNT TWO (Inducing Infringement of the '806 Patent)

32. MGI repeats and realleges paragraphs 1 through 31 hereof, as if fully set forth herein.

33. Defendant has been and is inducing infringement of one or more claims of the '806 Patent, including at least claims 1–8 and 18–26 by actively and knowingly inducing others to make, use, sell, offer for sale, or import UV spot coating printers that embody or use the invention claimed in the '031 Patent, including those sold under the names DDC-810 and DDC-8000, in violation of 35 U.S.C. § 271(b).

34. Defendant has been and is inducing the infringement of the '806 Patent by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, Digital Spot UV Coater products, including those sold under the names DDC-810 and DDC-8000.

35. Defendant's inducing infringement has been, and continues to be knowing, intentional, and willful.

36. Defendant's acts of inducing infringement of the '806 Patent have

caused and will continue to cause MGI damages for which MGI is entitled to compensation pursuant to 35 U.S.C. § 284.

37. Defendant's acts of inducing infringement of the '806 Patent have caused and will continue to cause MGI immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. MGI has no adequate remedy at law.

38. This case is exceptional and, therefore, MGI is entitled to an award of attorney fees pursuant to 35 U.S.C. § 285.

**COUNT THREE (Contributing to Infringement of the '806 Patent)**

39. MGI repeats and realleges paragraphs 1 through 38 hereof, as if fully set forth herein.

40. Defendant has been and is contributing to the infringement of one or more claims of the '806 Patent, including at least claims 1–8 and 18–26 by selling or offering to sell the DDC-810 and DDC-8000 UV spot coating printers, knowing them to be especially made or especially adapted for practicing the invention of the '806 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

41. Defendant has been and is contributing to the infringement of the '806 Patent by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, Digital Spot UV Coater products, including those sold under the names DDC-810 and DDC-8000 UV.

42. Defendant's contributory infringement has been, and continues to be knowing, intentional, and willful.

43. Defendant's acts of contributory infringement of the '806 Patent have caused and will continue to cause MGI damages for which MGI is entitled to compensation pursuant to 35 U.S.C. § 284.

44. Defendant's acts of contributory infringement of the '806 Patent have

caused and will continue to cause MGI immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. MGI has no adequate remedy at law.

45. This case is exceptional and, therefore, MGI is entitled to an award of attorney fees pursuant to 35 U.S.C. § 285.

**COUNT FOUR (Direct Infringement of the '449 Patent)**

46. MGI repeats and realleges paragraphs 1 through 45 hereof, as if fully set forth herein.

47. A reasonable opportunity for further investigation and discovery is likely to provide evidentiary support that Defendant has been and is infringing one or more claims of the '449 Patent, including at least claim 1 by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, UV curable varnish ink for use in spot coating printers, including those sold under the names DDC-810 and DDC-8000, in violation of 35 U.S.C. § 271(a).

48. A reasonable opportunity for further investigation and discovery is likely to provide evidentiary support that Defendant has been and is infringing the '449 Patent by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, UV curable varnish ink for use in spot coating printers, including those sold under the names DDC-810 and DDC-8000.

49. Defendant's direct infringement has been, and continues to be knowing, intentional, and willful.

50. Defendant's acts of direct infringement of the '449 Patent have caused and will continue to cause MGI damages for which MGI is entitled to compensation pursuant to 35 U.S.C. § 284.

51. Defendant's acts of infringement of the '449 Patent have caused and will continue to cause MGI immediate and irreparable harm unless such infringing

activities are enjoined by this Court pursuant to 35 U.S.C. § 283. MGI has no adequate remedy at law.

52. This case is exceptional and, therefore, MGI is entitled to an award of attorney fees pursuant to 35 U.S.C. § 285.

### COUNT FIVE (Direct Infringement of the '067 Patent)

53. MGI repeats and realleges paragraphs 1 through 52 hereof, as if fully set forth herein.

54. Defendant has been and is infringing the '067 Patent by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, UV spot coating printers, including those sold under the names DDC-810 and DDC-8000, in violation of 35 U.S.C. § 271(a).

55. Defendant has been and is infringing one or more claims of the '067 Patent, including at least claims 1–15, 16–31, and 32–34 by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, Digital Spot UV Coater products, including those sold under the names DDC-810 and DDC-8000.

56. Defendant's infringement has been, and continues to be knowing, intentional, and willful.

57. Defendant's acts of infringement of the '067 Patent have caused and will continue to cause MGI damages for which MGI is entitled to compensation pursuant to 35 U.S.C. § 284.

58. Defendant's acts of infringement of the '067 Patent have caused and will continue to cause MGI immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. MGI has no adequate remedy at law.

59. This case is exceptional and, therefore, MGI is entitled to an award of attorney fees pursuant to 35 U.S.C. § 285.

## COUNT SIX (Direct Infringement of the '031 Patent)

60. MGI repeats and realleges paragraphs 1 through 59, as if fully set forth herein.

61. Defendant has been and is infringing one or more claims of the '031 Patent, including at least claims 12–25 by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, UV spot coating printers, including those sold under the names DDC-810 and DDC-8000, in violation of 35 U.S.C. § 271(a).

62. Defendant has been and is infringing the '031 Patent by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, Digital Spot UV Coater products, including those sold under the names DDC-810 and DDC-8000.

63. Defendant's direct infringement has been, and continues to be knowing, intentional, and willful.

64. Defendant's acts of direct infringement of the '031 Patent have caused and will continue to cause MGI damages for which MGI is entitled to compensation pursuant to 35 U.S.C. § 284.

65. Defendant's acts of direct infringement of the '031 Patent have caused and will continue to cause MGI immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. MGI has no adequate remedy at law.

66. This case is exceptional and, therefore, MGI is entitled to an award of attorney fees pursuant to 35 U.S.C. § 285.

## COUNT SEVEN (Inducing Infringement of the '031 Patent)

67. MGI repeats and realleges paragraphs 1 through 66 hereof, as if fully set forth herein.

68. Defendant has been and is inducing infringement of one or more claims of the '031 Patent, including at least claims 1–11 by actively and knowingly

HUSCH BLACKWELL LLP
621 CAPITOL MALL
SUITE 1550
SACRAMENTO, CA 95814
916.414.2611

inducing others to make, use, sell, offer for sale, or import UV spot coating printers that embody or use the invention claimed in the '031 Patent, including those sold under the names DDC-810 and DDC-8000, in violation of 35 U.S.C. § 271(b).

69. Defendant has been and is inducing the infringement of the '031 Patent by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, Digital Spot UV Coater products, including those sold under the names DDC-810 and DDC-8000.

70. Defendant's inducing infringement has been, and continues to be knowing, intentional, and willful.

71. Defendant's acts of inducing infringement of the '031 Patent have caused and will continue to cause MGI damages for which MGI is entitled to compensation pursuant to 35 U.S.C. § 284.

72. Defendant's acts of inducing infringement of the '031 Patent have caused and will continue to cause MGI immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. MGI has no adequate remedy at law.

73. This case is exceptional and, therefore, MGI is entitled to an award of attorney fees pursuant to 35 U.S.C. § 285.

**COUNT EIGHT (Contributing to Infringement of the '031 Patent)**

74. MGI repeats and realleges paragraphs 1 through 73 hereof, as if fully set forth herein.

75. Defendant has been and is contributing to the infringement of one or more claims of the '031 Patent, including at least claims 1–11 by selling or offering to sell the DDC-810 and DDC-8000 UV spot coating printers, knowing them to be especially made or especially adapted for practicing the invention of the '031 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

76. Defendant has been and is contributing to the infringement of the '031

Patent by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, Digital Spot UV Coater products, including those sold under the names DDC-810 and DDC-8000.

77. Defendant's contributory infringement has been, and continues to be knowing, intentional, and willful.

78. Defendant's acts of contributory infringement of the '031 Patent have caused and will continue to cause MGI damages for which MGI is entitled to compensation pursuant to 35 U.S.C. § 284.

79. Defendant's acts of contributory infringement of the '031 Patent have caused and will continue to cause MGI immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. MGI has no adequate remedy at law.

80. This case is exceptional and, therefore, MGI is entitled to an award of attorney fees pursuant to 35 U.S.C. § 285.

**WHEREFORE**, MGI requests judgment against Defendant as follows:

1. Adjudging that Defendant has infringed, actively induced infringement of, and contributorily infringed the Asserted Patents, in violation of 35 U.S.C. § 271(a), (b), and (c);

2. Granting an injunction permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing, contributing to the infringement of, or inducing infringement of the Asserted Patents;

3. Ordering Defendant to account and pay damages adequate to compensate MGI for Defendant's infringement of the Asserted Patents, including for any infringing acts not presented at trial and pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

4.  Ordering an accounting for any infringing sales not presented at trial and an award by the court of additional damages for any such infringing sales.

5.  Ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

6.  Declaring this case exceptional and awarding MGI its reasonable attorney fees, pursuant to 35 U.S.C. § 285; and

7.  Awarding such other and further relief as this Court deems just and proper.

## JURY DEMAND

MGI demands trial by jury on all claims, defenses, and issues so triable.

Dated:  May 12, 2022

Respectfully submitted,

HUSCH BLACKWELL LLP


By: s/ Don J. Mizerk

Don J. Mizerk, Esq. (SBN: 208477)
HUSCH BLACKWELL LLP
621 Capitol Mall, Suite 1550
Sacramento, CA 95814
Tel: (916) 414-2611
don.mizerk@huschblackwell.com


J. Aron Carnahan (*pro hac vice forthcoming*)
Phillip D. Segrest (*pro hac vice forthcoming*)
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, Illinois 60606
Tel:  (312) 655-1500
Fax: (312) 655-1501
aron.carnahan@huschblackwell.com


Attorneys for Plaintiff