1  John T. Johnson (CA 281609)
   jjohnson@fr.com
2  Christopher S. Marchese (CA 170239)
   marchese@fr.com
3  Tyler R. Train (CA 318998)
   train@fr.com
4  FISH & RICHARDSON P.C.
   633 West Fifth Street, 26th Floor
5  Los Angeles, CA 90071
   Telephone: (213) 533-4240
6  Facsimile: (858) 678-5099

7  *Additional counsel listed on signature page*

8  Attorneys for Defendant
   DUPLO U.S.A. CORPORATION
9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                    SOUTHERN DIVISION

13  | MGI DIGITAL TECHNOLOGY S.A., | Case No. 8:22-cv-00979-DOC-KES |
    |---|---|
14  | Plaintiff, | |
15  | v. | **DEFENDANT DUPLO U.S.A. CORPORATION'S OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
16  | DUPLO U.S.A. CORPORATION, | |
17  | Defendants. | |
18  | | Date: December 18, 2023 |
    | | Time: 8:30 a.m. |
19  | | Dept: 10A |
    | | Judge: Hon. David O. Carter |
20  | | |
21  | | Magistrate Judge: Hon Karen E. Scott |
    | | Special Master: David E. Keyzer |

Defendant Duplo U.S.A. Corporation ("Duplo USA") hereby submits this Objections to Evidence Offered in Support of its Opposition to Plaintiff MGI Digital Technology S.A.'s ("MGI") Motion for Summary Judgment.

| MGI's Alleged Undisputed Fact and Alleged Supporting Evidence | Duplo USA's Evidentiary Objections |
|---|---|
| 2. MGI Digital Technology was formerly known as MGI France, which changed its name in 2015. Declaration of Victor Abergel ("V. Abergel Dec.") ¶ 3. | Objection to the supporting declaration of Victor Abergel on the ground that MGI has failed to produce such declaration and therefore failed to satisfy Fed. R. Evid. 901 and that any out-of-court statement offered to prove the truth of the matter asserted would be inadmissible hearsay for which no exception applies. Fed. R. Evid. 801, 802. |
| 3. As CEO, Edmond Abergel is totally free to make decisions of any actions or activity of MGI.<br><br>E. Abergel Dep. v. 2 at 249:1-4, Carnahan Dec. Ex. A. | Objection to the admission of this supporting deposition testimony as support for MGI's assertions on standing on the ground that it inappropriately draws legal conclusions from a lay witness (Fed. R. Evid. 701, 702), lacks foundation (Fed. R. Evid. 104), lacks personal knowledge (Fed. R. Evid. 602), and is misleading (Fed. R. Evid. 403). |
| 5. Edmond Abergel is the inventor of U.S. Patent No. 8,783,806. | Objection to "E. Abergel Dep. v. 2 at 177:18-25, 179-13-24," "M. Abergel |

| MGI's Alleged Undisputed Fact and Alleged Supporting Evidence | Duplo USA's Evidentiary Objections |
|---|---|
| *U.S. Patent No. 8,783,806*, Ex. 2 to Complaint, Dkt. 6 at 2, Carnahan Dec. Ex. C; E. Abergel Dep. v. 2 at 177:18-25, 179-13-24; M. Abergel Dep. at 238:8-10; MGI_001302. | Dep. at 238:7-10," and "MGI_001302" on the ground that MGI has failed to provide the alleged evidence and therefore failed to satisfy Fed. R. Evid. 901. |
| 6. Edmond Abergel and Raphael Renaud are the co-inventors of U.S. Patent No. 45,067.<br><br>*U.S. Patent No. RE45,067*, Ex. 3 to Complaint, Dkt. 6-2 at 2, Carnahan Dec. Ex. D; E. Abergel Dep. v. 1 at 54:12-21, 55:2-11, 58:22-59:11, Carnahan Dec. Ex. MM; E. Abergel Dep. v. 2 at 230:13-22; M. Abergel Dep. at 239:18-21. | Objection to "E. Abergel Dep. v. 2 at 230:13-22" and "M. Abergel Dep. at 239:18-21" on the ground that MGI has failed to provide the alleged evidence and therefore failed to satisfy Fed. R. Evid. 901. |
| 7. Prior to December 31, 2021, MGI U.S.A. was a wholly-owned subsidiary of plaintiff MGI Digital Technology.<br><br>M. Abergel Dep. at 233:6-8, Carnahan Dec. Ex. E; V. Abergel Dec. ¶4. | Objection to "M. Abergel Dep. at 233:6-8" and the declaration of Victor Abergel on the ground that MGI has failed to provide the alleged evidence and therefore failed to satisfy Fed. R. Evid. 901. |
| 9. In a document dated January 3, 2010, Edmond Abergel assigned to MGI U.S.A. all right, title and interest | Objection to MGI_001923 to the extent it is being used by MGI to make incorrect legal conclusions as to the |

| MGI's Alleged Undisputed Fact and Alleged Supporting Evidence | Duplo USA's Evidentiary Objections |
|---|---|
| for the United States in the invention entitled "INK JET PRINTER AND METHOD FOR DEPOSITING A PROTECTIVE LAYER ON A SUBSTRATE" for which a U.S. patent was filed on December 30, 2009, and identified as U.S. Patent Application 12/649,765.<br><br>MGI_001923, Carnahan Dec. Ex. F. | effect of French law, which governs here as to the alleged inventions in U.S. Patent Application 12/649,765 and the defective attempt to assign rights to MGI U.S.A.<br><br>*See* Duplo USA Mot. to Dismiss (Dkt. 203); Dkt. 203-9 (Ex. 7 to Duplo USA's Motion to Dismiss, Declaration of Jean-Christophe Guerrini). |
| 11. In a document dated September 28, 2021, MGI U.S.A. assigned its rights to U.S. Patent Nos. 8,504,031 and 8,783,806 to MGI Digital Technology, S.A.<br><br>MGI_001936-1937, Carnahan Dec. Ex. G. | Objection to MGI_001936-1937 to the extent it is being used by MGI to make incorrect legal conclusions as to the effect of French law, which governs here as to the alleged inventions of the '031 and '806 patents and the defective attempt to assign rights to MGI U.S.A., and then from MGI U.S.A. to MGI France.<br><br>*See* Duplo USA Mot. to Dismiss (Dkt. 203); Dkt. 203-9 (Ex. 7 to Duplo USA's Motion to Dismiss, Declaration of Jean-Christophe Guerrini). |

| MGI's Alleged Undisputed Fact and Alleged Supporting Evidence | Duplo USA's Evidentiary Objections |
|---|---|
| 12. MGI owns U.S. Patent No. 8,506,031.<br><br>MGI_001923, *Patent Assignment from E. Abergel to MGI U.S.A.*, Carnahan Dec. Ex. F; MGI_001936-1937, *Patent Assignment from MGI U.S.A. to MGI Digital Technology*, Carnahan Dec. Ex. G. | Objection to MGI_001923 and MGI_001936-1937 to the extent it is being used by MGI to make incorrect legal conclusions as to the effect of French law, which governs here as to the alleged inventions of the '031 and '806 patents and the defective attempt to assign rights to MGI U.S.A., and then from MGI U.S.A. to MGI France.<br><br>*See* Duplo USA Mot. to Dismiss (Dkt. 203); Dkt. 203-9 (Ex. 7 to Duplo USA's Motion to Dismiss, Declaration of Jean-Christophe Guerrini). |
| 13. MGI owns U.S. Patent No. 8,783,806.<br><br>MGI_001923, *Patent Assignment from E. Abergel to MGI U.S.A.*, Carnahan Dec. Ex. F; MGI_001936-1937*, Patent Assignment from MGI U.S.A. to MGI Digital Technology*, Carnahan Dec. Ex. G. | Objection to MGI_001923 and MGI_001936-1937 to the extent it is being used by MGI to make incorrect legal conclusions as to the effect of French law, which governs here as to the alleged inventions of the '031 and '806 patents and the defective attempt to assign rights to MGI U.S.A., and then from MGI U.S.A. to MGI France.<br><br>*See* Duplo USA Mot. to Dismiss (Dkt. 203); Dkt. 203-9 (Ex. 7 to Duplo USA's |

| MGI's Alleged Undisputed Fact and Alleged Supporting Evidence | Duplo USA's Evidentiary Objections |
|---|---|
| | Motion to Dismiss, Declaration of Jean-Christophe Guerrini). |
| 14. MGI owns U.S. Patent No. RE45,067.<br><br>MGI_1913, 1918-1921, *Assignment Documents from PTO*, Carnahan Dec. Ex. H. | Objection to "MGI_1913" on the ground that MGI has failed to provide the alleged evidence and therefore failed to satisfy Fed. R. Evid. 901. |
| 23. Regis Thienard never claimed to be an inventor or co-inventor of the patents in suit during the several years he worked at MGI.<br><br>E. Abergel Dep. v. 2 at 178:17-23; M. Abergel at 98:15-20. | Objection to the supporting deposition testimony on the ground that alleging what another person may have said or not said is inadmissible hearsay for which no exception applies. Fed. R. Evid. 801, 802. |
| 24. Duplo expert witness Charles Reinholtz admitted at his deposition that he did not express an opinion that aspects of the '031 and '806 patents were derived from Konica Minolta information or were abandoned under Section 102(g):<br>"Q . . . You didn't disclose any issues of inventorship as a ground for invalidity under either 102(f) or 102(g), or Section 101, or otherwise, anywhere in the | Objection to the supporting deposition testimony because the question posed is asking for a legal conclusion as to 102(f), 102(g), Section 101 and their legal requirements, and Dr. Reinholtz is not being proffered as a legal expert. Fed. R. Evid. 611. |

| MGI's Alleged Undisputed Fact and Alleged Supporting Evidence | Duplo USA's Evidentiary Objections |
|---|---|
| report, did you? A: I don't think there's any discussion in my report about that. I agree with you." <br><br> Reinholtz Dep. 297:3-8; 301:2-302:3, Carnahan Dec. Ex. L. | |
| 27. France Intellectual Property Code L611-7, states: <br> "Where the inventor is a salaried person, the right to the industrial property title, failing any contractual clause more favorable to the salaried person, shall be defined in accordance with the following provisions: <br> 1°. Inventions made by a salaried person in the execution of a work contract comprising an inventive mission corresponding to his effective functions or of studies and research which have been explicitly entrusted to him, shall belong to the employer. The conditions under which the salaried person who is the author of such an invention shall enjoy additional remuneration shall be determined by the collective agreements, company | Objection to the declaration of Victor Abergel on the ground that MGI has failed to provide the alleged evidence and therefore failed to satisfy Fed. R. Evid. 901, that any out-of-court statement offered to prove the truth of the matter asserted would be inadmissible hearsay for which no exception applies (Fed. R. Evid. 801, 802), and for lacking foundation as to Victor Abergel's ability to identify French intellectual property law relevant to the specific alleged French inventions at issue here (Fed. R. Evid. 602). |

| MGI's Alleged Undisputed Fact and Alleged Supporting Evidence | Duplo USA's Evidentiary Objections |
|---|---|
| agreements and individual employment contracts." | |
| 28. The comments to France Intellectual Property Code L611-7 further state that "[d]espite legal attribution, it is advisable for the employer to obtain proof of ownership if he plans to extend his patent to countries that do not have such a legal attribution mechanism, in particular, the United States." <br><br> V. Abergel Dec. ¶ 9. | Objection to the declaration of Victor Abergel on the ground that MGI has failed to provide the alleged evidence and therefore failed to satisfy Fed. R. Evid. 901, that any out-of-court statement offered to prove the truth of the matter asserted would be inadmissible hearsay for which no exception applies (Fed. R. Evid. 801, 802), and for lacking foundation as to Victor Abergel's ability to identify French intellectual property law relevant to the specific alleged French inventions at issue here (Fed. R. Evid. 602). |
| 52. In a cease and desist letter dated March 3, 2017, from Aron Carnahan to Peter Tu, Mr. Carnahan stated in part: "please be advised that MGI has found it necessary to enforce MGI's worldwide patent rights against others concerning spot varnish technology in the past. MGI will continue to take all | Objection to the use of the supporting correspondence from MGI's counsel to Peter Tu to prove the truth of the matter asserted (i.e. "that MGI has found it necessary to enforce MGI's worldwide patent rights against others concerning spot varnish technology in the past") as inadmissible hearsay to which no |

| MGI's Alleged Undisputed Fact and Alleged Supporting Evidence | Duplo USA's Evidentiary Objections |
|---|---|
| necessary actions to protect its valuable intellectual property."<br><br>March 3, 2017 Letter to Peter Tu from Aron Carnahan, Carnahan Dec. Ex. Q. | exception applies (Fed. R. Evid. 801, 802), lacking foundation that the author of the letter has any personal knowledge of the allegations (Fed. R. Evid. 602), and as prejudicially misleading (Fed. R. Evid. 403). |
| 54. On May 29, 2017, MGI instituted a patent infringement lawsuit in France against Duplo's sister company, Duplo France, later adding as a party defendant Duplo's Japanese parent, Duplo Corporation.<br><br>V. Abergel Dec. ¶ 5. | Objection to the declaration of Victor Abergel on the ground that MGI has failed to provide the alleged evidence and therefore failed to satisfy Fed. R. Evid. 901, that any out-of-court statement offered to prove the truth of the matter asserted would be inadmissible hearsay for which no exception applies (Fed. R. Evid. 801, 802), and that the alleged declaration would be prejudicially misleading as to the alleged relationship between Duplo Corporation (Japan) and Duplo USA and between Duplo France S.A. and Duplo USA and implications of the foreign litigation on this case, which may require a trial within a trial to explain (Fed. R. Evid. 403). |
| 55. In the French litigation, MGI claimed that the same machine accused | Objection to the declaration of Victor Abergel on the ground that MGI has |

| MGI's Alleged Undisputed Fact and Alleged Supporting Evidence | Duplo USA's Evidentiary Objections |
|---|---|
| of infringement by Duplo here (the DDC-810) infringed MGI's European patents that claim priority to the same filings as various asserted patents in this case.<br><br>V. Abergel Dec. ¶ 6. | failed to provide the alleged evidence and therefore failed to satisfy Fed. R. Evid. 901, that any out-of-court statement offered to prove the truth of the matter asserted would be inadmissible hearsay for which no exception applies (Fed. R. Evid. 801, 802), and that the alleged declaration would be prejudicially misleading as to the implications of the foreign litigation on this case, which may require a trial within a trial to explain (Fed. R. Evid. 403). |
| 56. During the trial of the French case between MGI and Duplo France and Duplo Japan, on January 20, 2019 at the Tribunal de Grande Instance de Paris, Victor Abergel of MGI told the CEO of Duplo France, who was accompanied by Duplo Japan executives, that after the French litigation MGI was going to sue Duplo USA in the United States for patent infringement of the corresponding U.S. patents based on Duplo's sales of the Duplo DDC-810 printer in the United States. | Objection to the declaration of Victor Abergel on the ground that MGI has failed to provide the alleged evidence and therefore failed to satisfy Fed. R. Evid. 901, that any out-of-court statement offered to prove the truth of the matter asserted would be inadmissible hearsay for which no exception applies (Fed. R. Evid. 801, 802), and that the alleged declaration would be prejudicially misleading as to the implications of the foreign litigation on this case, which may require a trial |

| MGI's Alleged Undisputed Fact and Alleged Supporting Evidence | Duplo USA's Evidentiary Objections |
|---|---|
| V. Abergel Dec. ¶ 7. | within a trial to explain, and the relationship between foreign Duplo entities and Duplo USA (Fed. R. Evid. 403). |
| 59.  Duplo asserts in its invalidity contentions that various phrases in certain claims of the '031 and '806 patents lack enablement and/or written description.<br><br>*Fifth Amend. Invalidity Cont.* 75:12–80:2. | Objection to pages 77-79 of the cited portion of Duplo USA's Fifth Amended Invalidity Contentions on the ground that MGI has failed to provide the alleged evidence and therefore failed to satisfy Fed. R. Evid. 901. |
| 63.  For the '067 patent, Dr. Reinholtz does not mention "undue experimentation" when addressing enablement.<br><br>Reinholtz Rep. ¶¶ 384–390. | Objection to the use of Dr. Reinholtz's cited opinions to suggest as a matter of law that "undue experimentation" must be explicitly stated when addressing enablement.  The use of those words is not required: "To be sure, no witness testified in haec verba that the experimentation was 'undue.'  But we know of no principle that requires that a witness testify as to that legal conclusion, as long as the factual showing is sufficient to justify the jury's conclusion on the highly factual issue of whether, under all the |

| MGI's Alleged Undisputed Fact and Alleged Supporting Evidence | Duplo USA's Evidentiary Objections |
|---|---|
| | circumstances, more than routine experimentation was needed to make the invention." *Northpoint Tech., Ltd. v. MDS Am., Inc.*, 431 F.3d 1301, 1310 (Fed. Cir. 2005). |
| 84. Duplo commenced importing and selling the DDC-810 into the United States *in 2017* concurrent with the then ongoing correspondence between attorneys and continued those sales up until present.<br><br>Tu Dep. at 81:19-20, Carnahan Dec. Ex. AA; Salinas Dep. at 222:1-15. | Objection to "Salinas Dep. at 222:1-15" on the ground that MGI has failed to provide the alleged evidence and therefore failed to satisfy Fed. R. Evid. 901. |
| 96. A USPTO Maintenance Fee Statement confirms payment of the maintenance fee due at 7.5 years for the '067 patent on August 19, 2015.<br><br>MGI_002434, Carnahan Dec. Ex. EE. | Objection to "MGI_002434" on the ground that MGI has failed to provide the alleged evidence and therefore failed to satisfy Fed. R. Evid. 901. |
| 102. Konica Minolta is a minority shareholder of MGI with about 42.3% of the share of ownership.<br><br>Victor Abergel Dep. v. 1 at 61:6–61:22, Carnahan Dec. Ex. JJ; Edmund | Objection to "Edm[o]nd Abergel Dep. v. 2 at 247:25-248:14" on the ground that MGI has failed to provide the alleged evidence and therefore failed to satisfy Fed. R. Evid. 901. |

| **MGI's Alleged Undisputed Fact and Alleged Supporting Evidence** | **Duplo USA's Evidentiary Objections** |
|---|---|
| Abergel Dep. v. 2 at 247:25–248:14, Carnahan Dec. Ex. A. | |

Dated: December 1, 2023                    FISH & RICHARDSON P.C.

By: */s/ John T. Johnson*
     John T. Johnson

Attorneys for Defendant
DUPLO U.S.A. CORPORATION

*Additional counsel*:

Jeffrey C. Mok *(pro hac vice)*
jmok@fr.com
Mohammad Reza Kameli *(pro hac vice)*
kameli@fr.com
FISH & RICHARDSON P.C.
7 Times Square, 20th Floor
New York, NY 10036
Tel: (212) 765-5070 | Fax: (212) 258-2291

Jacqueline Tio *(pro hac vice)*
tio@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street, N.E., 21st Floor
Atlanta, GA 30309
Tel: (404) 892-5005 | Fax: (404) 892-5002

Attorneys for Defendant
DUPLO U.S.A. CORPORATION